UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL LADON LEWIS, | No. 2:22-cv-01307 WBS DB P |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, California Superior Court in the County of San Joaquin, | |
| Respondent. | |

Petitioner, a state prisoner, proceeds pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for murder and other offenses and the resulting sentence imposed in the San Joaquin County Court. As set forth below, the petition is a mixed petition containing both exhausted and unexhausted claims and must be dismissed. Petitioner will be granted thirty days to file an amended petition raising only exhausted claims.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

therefore, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner raises three grounds for relief in his petition. In the first ground for relief, petitioner claims that due to negative photo-lineup identification, and negative results in forensic reports, he was wrongfully accused of the murder, resulting in a wrongful conviction. (ECF No. 1 at 5.) In the second ground for relief, petitioner claims the jury made an inconclusive decision as to the major participant or aider or abettor finding. (Id.) In the third ground for relief, petitioner claims witness testimony failed to identify him and the court excluded key defense witnesses. (Id.)

Based on the face of the petition, the court finds petitioner has failed to exhaust state court remedies as to the first ground for relief, which petitioner states has not been presented to any other court. (See ECF No. 1 at 5.)[2] The petition is a mixed petition containing both exhausted and unexhausted claims and must be dismissed. Good cause appearing, petitioner will be granted thirty days to file an amended petition raising only exhausted claims.[3]

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall provide plaintiff with a copy of the court's form habeas corpus petition;

2. The petition for writ of habeas corpus is dismissed with leave to amend; and

3. Petitioner is granted thirty days from the date of this order to file an amended petition raising only exhausted claims. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated: January 19, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
lewi1307.103mix

---

[2] The petition's grounds for relief also fail to reference a specific federal constitutional guarantee. See Gray, 518 U.S. at 162.

[3] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims, he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).